T.C. Summary Opinion 2002-114

UNITED STATES TAX COURT

STANLEY K. AND SANDRA B. EVANKO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11958-00S.                    Filed September 3, 2002.

Stanley K. and Sandra B. Evanko, pro sese.

Robert B. Taylor, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year at issue.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $6,571[1] in petitioners' 1997 Federal income tax.  The sole issue for decision is whether certain payments received by Stanley K. Evanko (petitioner) are military allowances excludable from petitioners' gross income.

The stipulated facts and exhibits received into evidence are incorporated herein by reference.  At the time the petition in this case was filed, petitioners resided in Goodyear, Arizona.

Background

During 1997, petitioner was retired from the U.S. Army and was not on active duty.  Petitioner retired having attained the rank of major.  Petitioner was employed by the State of Hawaii Department of Education, at Kahuku High School, as senior Army instructor for the Junior Reserve Officers' Training Corps (JROTC).

For the year 1997, petitioner received total compensation of $49,624.  Petitioners reported on their Federal income tax return for the year wages of $24,642.  Petitioner received a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., from the Defense Finance and Accounting Service reporting distributions of $24,012.

---

[1]The parties agree that there is an error in the notice of deficiency and that the correct amount of the deficiency in dispute is $6,515.

Upon examination of the return, respondent determined that the entire amount of the compensation received by petitioner constitutes wages that must be included in petitioners' gross income for 1997.

## Discussion

Petitioners do not dispute the receipt of the contested income but rather its characterization as taxable compensation. The issue for consideration, therefore, is whether the pay that petitioner received as a JROTC instructor should be treated as including nontaxable military allowances or whether that pay, as argued by respondent, was entirely taxable compensation for services rendered.

Gross income means all income from whatever source derived. Sec. 61(a). Military pay received by members of the Armed Forces is within the scope of section 61(a). See sec. 1.61-2(a)(1), Income Tax Regs. Congress may, if it chooses, specifically exempt certain items from gross income. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955). For example, certain military compensation, such as that received by members of the Armed Forces serving in combat zones, is excluded from gross income. Sec. 112. Military subsistence, uniform allowances, and other amounts received as commutation of quarters are excludable from gross income. See sec. 1.61-2(b), Income Tax Regs.

Petitioner contends that the unreported portion of his JROTC pay represents "qualified military benefits" that are excludable from gross income pursuant to section 134 and 10 U.S.C. sec. 2031(d) (1994). Petitioner relies on the statutes and Department of Defense (DOD) Directive No. 1205.13 (Dec. 26, 1995), which provide that the total compensation received by a retiree-instructor is to be equal to the difference between retired pay and active duty pay plus "allowances" that the retiree-instructor would receive if ordered to active duty. He proposes that the statute and the DOD directive establish "equitable parity" in the compensation of retired and active duty instructors. Petitioner then argues for an exclusion from his income equal to the sum of the allowances received by active duty members of his rank. Otherwise, according to petitioner, the disposable income that he would receive as a JROTC instructor would be less than that of an active duty officer performing identical services.

The issues petitioners raise have already been addressed by this Court. See Lyle v. Commissioner, 76 T.C. 668 (1981), affd. without published opinion 673 F.2d 1326 (5th Cir. 1982); Bynam v. Commissioner, T.C. Memo. 2001-142; Tucker v. Commissioner, T.C. Memo. 1999-373.

In Lyle v. Commissioner, supra, the Court held that retired military personnel may not rely on 10 U.S.C. sec. 2031(d) to exclude from income salary received as a JROTC instructor. The

Court concluded that: (1) The plain language of 10 U.S.C. sec. 2031(d) does not authorize an exclusion from gross income for amounts paid to JROTC instructors not on active duty; and (2) JROTC instructors are employed by the local school district and are paid for services, partly funded by the Federal Government, rendered to that school district.

Petitioner received in 1997 his regular retired pay which he was entitled to whether or not he performed any services. He received no other compensation or allowances from the Federal Government. Although it is true that the Federal Government reimburses school districts for one-half the "additional amount" paid to retired officers, the ultimate burden of disbursing funds and establishing compensation scales lies with the employing school. See 10 U.S.C. sec. 2031(d)(1); Lyle v. Commissioner, supra at 674; Tucker v. Commissioner, supra. The employing institution is responsible for issuing compensation checks and Forms W-2, Wage and Tax Statement, to all of its employees.

Because the Federal Government does not assume any kind of employer status, no portion of the compensation that petitioner received as a JROTC instructor could be classified as a subsistence, quarters, or variable housing allowance from the Armed Forces. Lyle v. Commissioner, supra at 674. The statutory provision, in conjunction with the implementing directives issued by DOD, establishes a formula for computing the minimum

"additional amount" of compensation retired military instructors are entitled to receive from the employing school and the maximum portion of that additional amount that will be reimbursed by the Federal Government.  Id. at 675.  The "additional amount" is, in effect, an inducement offered to persuade retired personnel to accept employment as JROTC instructors.  Id. at 676.  Active duty pay is merely a guideline in determining the level at which JROTC instructors are to be compensated.

In Lyle v. Commissioner, supra at 674-675, the Court explained why retired officers serving as JROTC instructors do not receive nontaxable "allowances".  Only officers who are entitled to receive "basic pay" are entitled to an allowance for subsistence, in lieu of meals in kind, and a basic allowance for quarters, unless the officer occupies quarters provided by the military.  See 37 U.S.C. secs. 402 and 403 (1994).  The taxpayer did not qualify for these allowances because he did not receive "basic pay".  He did not receive "basic pay" because he was not on "active duty".  See 37 U.S.C. sec. 204 (1994).  The taxpayer was not on "active duty" because, as a retired military JROTC instructor, he "is not, while so employed, considered to be on active duty or inactive duty training for any purpose."  10 U.S.C. sec. 2031(d)(2).

Petitioners object to the Court's "reliance" on the language of 10 U.S.C. sec. 2031(d)(2).  They argue that the provision is

"in contravention to other federal statutes", citing Army Regulation 210-50, Installations Housing Management. They contend that this provision allows petitioner to live in Army housing, thus proving he is on "active duty" and entitled to allowances.

They have pointed to no specific provision of this very long and detailed regulation. Army Regulation 210-50 (revision effective March 26, 1999),[2] par. 3-40, Authority to Occupy Army Lodging Facilities, "When space is available," however, states that paid retirees may occupy UPH(TDY) (unaccompanied personnel housing, temporary duty) or GH (guest housing) facilities. On equal footing with paid retirees for such housing on a space available basis are certain employees of the U.S. Public Health Service, the National Oceanographic and Atmospheric Administration, and foreign military personnel. Surely petitioners would not argue that the provision means that those employees and foreign personnel are on active duty with and are entitled to allowances from the U.S. Army. There is no "contravention" of Army Regulation 210-50 by the language of 10 U.S.C. sec. 2031(d)(2).

Petitioners have evidently failed to take note of a more relevant provision. Army Regulation 145-2, Junior Reserve

---

[2]Army Regulation 210-50 was revised on Sept. 1, 1997. The 1999 version is only a reorganization of the 1997 version; "No content has been changed."

Officers' Training Corps Program; Organization, Administration, Operation, and Support (revision effective March 24, 2000), par. 4-20, states that "Although an instructor may receive an amount 'equal' to the military pay and allowances he or she would receive if on active duty, the payments he or she receives are not, in fact, military pay and allowances paid by the Army."

In their oral and written presentations to the Court, petitioners evince a belief that the statutory interpetations as expressed in the Court's opinions cited above are somehow aberrant or anomalous. The Court reminds petitioners that the decision in Lyle, was affirmed by the Court of Appeals for the Fifth Circuit. Also, petitioners may be unaware of two Federal District Court opinions issued before this Court's decision in Lyle. In Scott v. United States, 33 AFTR 2d 74-858, 74-1 USTC par. 9281 (D.S.C. 1973), the District Court found that 10 U.S.C. sec. 2031 merely sets out a formula to calculate the salary of retired members serving as JROTC instructors. It further found that military "allowances" are payable only to members entitled to "basic pay", that only active duty members are entitled to basic pay, and that the taxpayer, retired from the military, was not on active duty while serving as a JROTC instructor. The decision by the Federal District Court in Sweeney v. United States, 34 AFTR 2d 74-5700, 74-2 USTC par. 9672 (N.D. Ga. 1974), discusses favorably and is in accord with the Scott decision.

Petitioners have pointed to no court decision that comports with their interpretations.

In view of the foregoing, we hold that no portion of the JROTC pay that petitioner received from the State of Hawaii Department of Education is excludable from gross income.

We have considered all of the other arguments made by petitioners, and, to the extent that we have not specifically discussed them above, we conclude those arguments are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.[3]

---

[3]In the reduced amount to which the parties agreed.